Mike Murphy, Judge, dissenting.
I agree with the majority opinion that substantial evidence supports Snow's conviction for first-degree endangering the welfare of a minor. I must respectfully dissent, however, because the majority has decided to reverse and dismiss Snow's conviction for first-degree battery. I do not agree that the jury was forced to rely on speculation and conjecture to reach a conviction.
It is important to keep in mind that we are not in the position to reweigh the evidence or assess the credibility of the witnesses. With that being said, the fact that there was evidence presented to the jury by investigators that both parents were the only two people with access to the child does not lead to the inescapable conclusion that not all reasonable hypotheses have been excluded. On the contrary, the jury had evidence from Investigator Volkman that Snow stated that only he and his wife were with the child during the time at issue, and his wife did not harm the child. Thus, I would hold it is within the province of the jury to logically infer from this evidence, absent evidence of another plausible explanation, that Snow, despite his self-serving denials to the investigator, had by his own statements left only himself for the jury to attach responsibility.
Moreover, the jury reasonably could have inferred that Snow knowingly caused the injuries given the fact that he avoided seeking medical attention for A.S., who was plainly injured and in distress as evidenced by the videos and photos taken at the hospital. There were a variety of factors from which the jury could interpret as evidence of indicia of guilt including, but not limited to the following: (1) Snow's volunteering the videos to the investigating officers, but never showing them to a doctor; (2) Snow's not attending the doctor's *296 appointment; (3) Snow's never passing on his concerns to Kirby, who, when presented the baby to the doctor, reported problems with jaundice ; (4) Snow's odd, running commentary during the video including a debate with himself whether to have a friend take him and A.S. to the hospital; and (5) the compelling photos taken of A.S.'s injuries at the hospital. To reach the majority's conclusion, it is as if they are speculating that the jury was left to speculate.
Viewing the evidence in the light most favorable to the State, I would hold that the jury was not solely left to speculation as substantial evidence warranted the jury's finding of guilty regarding the battery conviction. I would therefore affirm on all counts.
Brown, J., joins.